UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH STANLEY, civilian, sui juris | Case No.  4:21-cv-00464-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| GARY LEE JENNINGS, LAURIE BAIRD GAFFNEY, JEFFERY W. BANKS, DANIELA JEZOVA, LETTIE MESSICK, PEGI BRAUSCHWEIG, MARILEE PACKER, JASON D. WALKER, GABBY HERMOSILLO, JENNY ROBLES, KIM KEELEY, SUSAN HILL, STEVE BEZDEKA, BARBARA THOMPSON, TRACY GORMAN, WESTON DAVIS, CHRIS LUNDBERG, KATHY SPITZER, BAILEY SMITH, | |
| Defendant. | |

**INTRODUCTION**

Before the Court are pro se Plaintiff Sarah Stanley's Motion for Immediate Injunction and Stay on Visitation Orders (Dkt. 3), Motion to E-File (Dkt. 4), and Ex Parte Motion Hearing for Immediate Injunction and Cease and Desist (Dkt. 7). The Court finds that the decisional process would not be aided by oral argument.

Dist. Idaho L. Rule 7.1(d). After reviewing the record and the arguments of the parties, the Court enters the following Order addressing the pending motions.

## BACKGROUND

Plaintiff Sarah Stanley filed this lawsuit on December 1, 2021 against nineteen defendants, including her ex-husband, his attorneys, their law partners, paralegals, and office staff, the "custody evaluator," a Teton County Magistrate Judge, several clerks of court for Teton County, and Stanley's former attorney. Stanley claims she "will show that on between early 2018 to present date, Plaintiff was and has been subjected to deprivation of rights under the color of law, mental anguish, and emotional distress, by a member of a Criminal Street Gang (Idaho 18-8504), while Plaintiff was peacefully being a mother to her offspring on the land known as Teton County, Idaho and further subjected to trespass, whereby she was subject to mental anguish, malicious prosecution, emotional distress, custodial interference and human trafficking by Defendants when they did conspire to interfere with civil rights (42 U.S. Code§ 1985 and § 1983) by obstructing justice (42 U.S. Code§ 1985 and 42 U.S. Code§ 1983 (2)) and Depriving Complainant of rights (42 U.S. Code§ 1985 and 42 U.S. Code§ 1983(3)), almost every day since early 2018 to present date" when Defendants allegedly violated various provisions of the U.S. Constitution and federal and state laws. *Dkt. 1-1* at pp. 1-2.

For these various violations, Stanley seeks full custody of her minor

offspring, monetary damages in "US Gold Bullions in 1 (one) ounce United States

minted American Gold Eagle coins, or the current USD market value thereof," a

permanent injunction and stay on all visitation orders until this matter is resolved,

and "full peace that includes life, liberty and happiness." *Id.*, p. 10. From certain

individual defendants, Stanley seeks $250,000,000 in "exemplary damages," and

from others, she seeks $50,000,000 in "exemplary damages." *Id.*

Stanley alleges no facts explaining how Defendants committed these various

violations.

## ANALYSIS

1.     **Motions for Injunctive Relief**

A plaintiff seeking a preliminary injunction must establish that she is likely

to succeed on the merits, that she is likely to suffer irreparable harm in the absence

of preliminary relief, that the balance of equities tips in her favor, and that an

injunction is in the public interest. *Winter v. Natural Resources Defense Council,*

*Inc.*, 555 U.S. 7 (2008); *see also Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021

(9th Cir.2009). A "possibility" of irreparable harm is insufficient; irreparable

injury must be "likely" in the absence of an injunction. *Id.* A preliminary

injunction is "an extraordinary remedy never awarded as of right." *Id.* at p. 376. In

each case, courts "must balance the competing claims of injury and must consider

the effect on each party of the granting or withholding of the requested relief." *Id.* at p. 376.

A "court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a)(1). And a court may issue a temporary restraining order without notice only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1).

Here, Stanley filed two motions seeking immediate injunctive relief. The first motion is titled, "motion [for] immediate injunction and stay on visitation orders." In this motion, Stanley contends, "[g]iven the nature of the crimes committed as filed in Ms. Stanley's, sui juris, petition and complaint for damages…irreparable harm will continue to be caused if an injunction and stay is not granted immediately." *Dkt. 3-1*, p. 2. Stanley filed this motion contemporaneously with her Complaint on December 1, 2021.

Stanley filed her second motion for injunctive relief, titled "Ex parte motion hearing for immediate injunction and cease and desist," on December 27, 2021. In this motion, Stanley claims, "[b]ased on recent events of the defendants I am in fear of my life and my property." *Dkt. 7*, p. 1. But Plaintiff fails to allege any facts

– either in her Complaint or her motions – identifying what "recent events" have allegedly caused her to fear for her life and property; indeed, Stanley fails to explain what actions by Defendants she wants enjoined, much less why. Similarly, in her Complaint, Stanley cites all types of statutes and constitutional provisions in her Complaint but fails to tie them to any claim, so it is difficult, if not impossible, to discern whether Stanley is likely to succeed on the merits of her claims. In short, the Court simply cannot understand what relief Stanley seeks. Also, Stanley's motions do not mention any efforts they took to give Defendants notice and the reasons why notice is not required.

Plaintiffs therefore have not satisfied the requirements of Rule 65(b)(1), and the Court will deny her requests for injunctive relief.

## 2.      Motion to E-File

Stanley also asks the Court to allow her to "e-file so as to have equal and fair access to the court system as her peers do." Federal Rule of Civil Procedure 5(d)(3)(B) allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule. The District of Idaho uses the judiciary's Case Management and Electronic Case Files (CM/ECF) Program. Dist. Idaho Loc. Civ. Rule 5.1(a). Only registered participants may file documents electronically.

MEMORANDUM DECISION AND ORDER - 5

While an unrepresented individual may obtain the Court's permission to file her submissions electronically using the CM/ECF system, such authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief. *See, e.g., McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming district court's denial of pro se plaintiff's access to CM/ECF because plaintiff did not show good cause). In this case, although Stanley explains she is in the Idaho Address Confidentiality Program, which may cause some delay associated with mail filings, Stanley has not shown the requisite extenuating circumstances to use CM/ECF rather than the U.S. mail system. The Court will therefore deny her request at this time without prejudice.

## ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Motion for Immediate Injunction and Stay on Visitation Orders (Dkt. 3) is **DENIED**.

2.    Plaintiff's Motion to E-File (Dkt. 4) is **DENIED** without prejudice.

3.    Plaintiff's Ex Parte Motion Hearing for Immediate Injunction and Cease and Desist (Dkt. 7) is **DENIED**.

4.    The Clerk of Court is directed to send a copy of this Order to Plaintiff by U.S. mail.

DATED: January 12, 2022

B. Lynn Winmill
U.S. District Court Judge