UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SARAH STANLEY, civilian, sui juris | Case No. 4:21-cv-00464-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| GARY LEE JENNINGS, LAURIE BAIRD GAFFNEY, JEFFERY W. BANKS, DANIELA JEZOVA, LETTIE MESSICK, PEGI BRAUSCHWEIG, MARILEE PACKER, JASON D. WALKER, GABBY HERMOSILLO, JENNY ROBLES, KIM KEELEY, SUSAN HILL, STEVE BEZDEKA, BARBARA THOMPSON, TRACY GORMAN, WESTON DAVIS, CHRIS LUNDBERG, KATHY SPITZER, BAILEY SMITH, | |
| Defendants. | |

**INTRODUCTION**

Pending before the Court are multiple motions to dismiss filed by Defendants (Dkts. 8, 11, 14, 16, 21, 22, 24), as well as Plaintiff Sarah Stanley's motion to take judicial notice (Dkt. 32), to disqualify counsel (Dkt. 33), and for leave to file an amended complaint (Dkt. 35). Having reviewed the record and

briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. For the reasons set forth below, the Court grants Defendants' motions to dismiss and denies Stanley's motions as moot.

## BACKGROUND

Plaintiff Sarah Stanley initiated this *pro se* action against numerous individuals, including her ex-husband, his attorneys, their law partners, paralegals, and office staff, the "custody evaluator," a Teton County Magistrate Judge, several clerks of court for Teton County, and Stanley's former attorneys. Stanley's precise claims are difficult to discern, but they appear to arise from an ongoing state custody dispute in the Teton County Magistrate Court case number CV41-18-0275, between Stanley and her ex-husband, Gary Lee Jennings, a defendant in this action. It seems Stanley is dissatisfied with the decisions made by Teton County Magistrate Judge Walker, also a defendant in this action, in the state custody case, and she now seeks redress in this case against any person associated, even tangentially, with the state case.

In her complaint, Stanley claims that she will "show that on between early 2018 to present date, Plaintiff was and has been subjected to deprivation of rights

under the color of law, mental anguish, and emotional distress, by a member of a Criminal Street Gang (Idaho 18-8504), while Plaintiff was peacefully being a mother to her offspring on the land known as Teton County, Idaho and further subjected to trespass, whereby she was subject to mental anguish, malicious prosecution, emotional distress, custodial interference and human trafficking by Defendants when they did conspire to interfere with civil rights (42 U.S. Code § 1985 and § 1983) by obstructing justice (42 U.S. Code § 1985 and 42 U.S. Code § 1983 (2)) and Depriving Complainant of rights (42 U.S. Code § 1985 and 42 U.S. Code§ 1983(3)), almost every day since early 2018 to present date" when Defendants allegedly violated various provisions of the U.S. Constitution and federal and state laws. Dkt. 1-1 at pp. 1-2.

For these various violations, Stanley seeks full custody of her minor offspring, monetary damages in "US Gold Bullions in 1 (one) ounce United States minted American Gold Eagle coins, or the current USD market value thereof," a permanent injunction and stay on all visitation orders until this matter is resolved, and "full peace that includes life, liberty and happiness." *Id.*, p. 10. From certain individual defendants, Stanley seeks $250,000,000 in "exemplary damages," and from others, she seeks $50,000,000 in "exemplary damages." *Id.*

The various defendants filed motions to dismiss, to which Stanley responded by seeking to strike the motions, moving to disqualify defendants' attorneys, and

filing a motion for leave to file an amended complaint. Without waiting for a decision on her motion for leave to file her amended complaint, Stanley also filed an Amended Complaint (Dkt. 36).

## ANALYSIS

### 1. Request for Judicial Notice

Various of the Defendants have requested the Court take judicial notice of the Teton County case No. CV41-18-0275 custody case, which currently remains pending. The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 (9th Cir. 2004). The Court grants the request to take judicial notice of pending child custody case.

### 2. Motions to Dismiss

Stanley's Complaint fails to plead sufficient facts to state a claim, and the Court must abstain from granting Stanley the relief she seeks. For these reasons, the Court will grant the various motions to dismiss.

### A. *Legal Standard*

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id*. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

When reviewing a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1990). Legal conclusions, deductions, or opinions couched as factual allegations are not entitled to a presumption of truthfulness. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("*Redevelopment Agency*"). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a

cognizable legal theory, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), or where the allegations on their face show that relief is barred for a legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**B.    *Failure to State a Claim***

The Court recognizes that Stanley is proceeding pro se. The allegations of a pro se complaint, "however inartfully pleaded, should be held to less stringent standards than formal pleadings by lawyers." *Redevelopment Agency*, 733 F.2d at 649 (cleaned up). But even when liberally construed, "it appears beyond doubt" that Stanley "can prove no set of facts in support of [her] claim which would entitle her to relief." *Id.* (quoting *Hughes v. Row*, 449 U.S. 5, 9 (1980)). To illustrate, while Stanley cites 42 U.S.C. § 1983 and 42 U.S.C. § 1985 in her Complaint, Stanley does not allege a cause of action *or* allege the element of a section 1983 or section 1985 claim. Instead, Stanley alleges her civil rights were violated by members of "a Criminal Street Gang (Idaho 18-8504)," who committed various wrongs against her while she "was peacefully being a mother to her offspring on the land known as Teton County, Idaho," including subjecting her to trespass, "whereby she was subject to mental anguish, malicious prosecution, emotional distress, custodial interference and human trafficking." Stanley's Complaint does not offer any details or facts to support how her civil rights were allegedly violated. To state a claim, Stanley must "allege with at least some degree of particularity

overt acts which defendants engaged in." *Redevelopment Agency*, 733 F.2d at 649.

Stanley alleges no facts to identify any Defendant's purported wrongdoing.

Here, Stanley's largely incomprehensible allegations makes it nearly

impossible for the Court to identify the factual or legal basis for her claims or the

precise nature of her requested relief. Thus, Stanley states no claim upon which

relief may be granted, therefore this action should be dismissed with prejudice.

Leave to amend is not appropriate because the deficiencies in Stanley's Complaint

cannot be cured by amendment, making amendment futile. *See Cato v. United*

*States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**C.** **_Younger Abstention Doctrine_**

Even if Stanley had alleged sufficient facts to state a claim (she has not), the

Court finds abstention is appropriate under *Younger v. Harris*, 401 U.S. 37, 43

(1971). Under the long-standing *Younger* abstention doctrine, federal courts must

abstain from hearing cases that would interfere with pending state court

proceedings. *Id.* at 43; *see also Middlesex County Ethics Comm. v. Garden State*

*Bar Ass'n.*, 457 U.S. 423, 431 (1982). "Absent extraordinary circumstances,

*Younger* abstention is required if the state proceedings are (1) ongoing, (2)

implicate important state interests, and (3) provide the plaintiff an adequate

opportunity to litigate federal claims." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d

610, 613 (9th Cir. 2000) (internal citations omitted). When the Younger doctrine

applies, the case must be dismissed. *Id.*

Each of these factors are present in this case. The Teton County custody

proceeding is ongoing, so the first factor is satisfied. "Important state interests also

are implicated." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

"Family relations are a traditional area of state concern." *Id.* (quoting *Moore v.*

*Sims*, 442 U.S. 415, 435 (1979) (internal quotation marks omitted). "In addition, a

state has a vital interest in protecting the authority of the judicial system, so that its

orders and judgments are not rendered nugatory." *Id.* (citation and internal

quotation marks omitted). Indeed, as the Ninth Circuit explain in *Gordon*, which

also involved a state custody case, this admonition is "particularly appropriate…in

the field of domestic relations, over which federal courts have no jurisdiction, and

in which the state courts have a special expertise and experience." *Id.* (citations

omitted). Lastly, Stanley has an adequate forum in which to pursue any federal

claims she may have in the context of the custody proceeding. *Id.*

"This is precisely the type of case suited to Younger abstention." *Id.* Stanley,

however unartfully, essentially asks this Court to intervene in an ongoing state

domestic dispute. "This is not the proper business of the federal judiciary." *Id.*

Because the three *Younger* abstention factors are satisfied, and because no

"extraordinary circumstances" exist to allow Stanley to proceed on a federal claim

at this time, the Court concludes that abstention is appropriate. Therefore, the Court will dismiss Stanley's claims.

**3. Motion for Leave to Amend**

Stanley seeks leave to amend to add additional defendants based on the same incomprehensible allegations. As noted above – and as illustrated by her amended complaint – amendment would be futile and dismissal with prejudice is appropriate. Stanley's claims are barred not simply because she has failed to allege sufficient facts—a deficiency that could have been cured by amendment and was not—but also because it is clear from the face of the original Complaint and the Amended Complaint that Stanley's claims are subject to Younger abstention. The Court will therefore deny Stanley's motion for leave to amend and deny her remaining motions as moot.

## ORDER

**IT IS ORDERED that:**

1. Defendants Gabby Hermosillo, Susan Hill, Kim Keeley, Jenny Robles, and Bailey Smith's Motion to Dismiss (Dkt. 8) is GRANTED.

2. Defendants Tracy Gorman and Barbara Thompson's (Dkt. 11) Motion to Dismiss is GRANTED.

3. Defendant Jason D. Walker's Motion to Dismiss (Dkt. 14) is GRANTED.

4.     Weston Davis' Motion to Dismiss (Dkt. 16) is GRANTED.

5.     Defendants Jeffery W. Banks, Pegi Braunschweig, Laurie Baird Gaffney, Daniela Jezova, Lettie Messick, and Marilee Packer's Motion to Dismiss for Lack of Jurisdiction (Dkt. 21) is DENIED as MOOT.

6.     Defendants Jeffery W. Banks, Pegi Braunschweig, Laurie Baird Gaffney, Daniela Jezova, Lettie Messick, and Marilee Packer's Amended Motion to Dismiss for Lack of Jurisdiction (Dkt. 22) is GRANTED.

7.     Defendants Chris Lundberg and Kathy Spitzer's Motion to Dismiss for Failure to State a Claim (Dkt. 24) is GRANTED.

8.     Plaintiff's Motion to Take Judicial Notice (Dkt. 32) is DENIED as MOOT.

9.     Plaintiff's Motion to Disqualify Counsel is DENIED as MOOT.

10.     Plaintiff's Motion for Leave (Dkt. 35) is DENIED.

11.     The Clerk of Court is directed to send a copy of this Order to Plaintiff by U.S. mail.

DATED: May 4, 2022

B. Lynn Winmill
U.S. District Court Judge